# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re Lelia S. Kauffman )
        Debtor )    Chapter 13 06-10325

## Objection to Chapter 7 Trustee's Request for Compensation

**NOW COMES** Lelia S. Kauffman, by and through co-counsel Kathleen Walls, Esq., and respectfully requests that this Court deny the Chapter 7 Trustee's request for fees in this converted case. The following is submitted in support:

### Facts

1. Ms. Kauffman filed her case under Chapter 7 on July 24, 2006.

2. Ms. Kauffman listed approximately $26,000.00 in unsecured claims on Schedule F.

3. Ms. Kauffman listed her home on Schedule A of the petition as having a value of $136,500.00.

4. Schedule C of the original petition omitted the homestead, resulting in the full value being non-exempt. Schedule C was amended on September 11, 2006 to claim the $75,000.00, exemption, but there still remained enough equity to pay all claims in full.

5. On October 15, 2006, Ms. Kauffman filed a Notice of Conversion to Chapter 13. Ms. Kauffman's plan of reorganization is due on December 3, 2006. Her plan will provide for 100% of claims.

6. Work performed by the Chapter 7 Trustee prior to the conversion relative to the potential sale of the Debtor's property is limited to an entry dated September 11, 2006 - "letter to realtor regarding sale of debtor's property and follow up with debtor's counsel regarding sale of debtor's property."

## Memorandum of Law

The Chapter 7 Trustee is not entitled to fees in this converted case. The standard for allowing fees in a case converted from Chapter 7 to Chapter 13 is whether or not "the chapter 7 trustee can demonstrate that his or her efforts were directly responsible for a greater distribution to creditors or otherwise were of significant benefit to the estate." *In re Shaw*, 330 B.R. 113 (Bkrtcy.D.Vt.2005). In *Shaw*, the award of fees was granted because the trustee had to file a adversary proceeding before the debtor proceeded "in a fashion that would pay creditors their due." *Id* at 116. In this case, the Debtor was not concealing assets from the Trustee. The fact that creditors will receive 100% of claims in this case is not a result of the Trustee's 'diligence' or any work he performed. It would be unjust to permit the Trustee to be awarded $2,937.05 for writing a letter to a realtor.

**WHEREFORE** the Debtor respectfully requests that the Court deny the Chapter 7 Trustee's application for compensation.

Dated at Middlebury, Vermont this 24th day of October, 2006.

/s/ Kathleen Walls, Esq.
Kathleen Walls, Esq.
Co-counsel for the Debtor
000662250

## Certificate of Service

I, Kathleen Walls, Esq., hereby certify that the following parties were sent a true and correct copy of the foregoing Objection via e-mail on October 24, 2006:

Raymond J. Obuchowski, Esq. at obi@sover.net

John Darcy Toscano, Esq., at jdtlaw1@adelphia.net

Jan Sensenich, Esq. at jans@13TRUSTEEVT.COM

United States Trustee at ustpregion02.vt.ecf@usdoj.gov

Dated at Middlebury, VT this 24th day of October 2006.

/s/ Kathleen Walls