Formatted for Electronic Distribution                                                      For Publication

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

**Lelia S. Kauffman,
Debtor.**

Filed & Entered
On Docket
10/24/06

**Chapter 13 Case
# 06-10325**

# MEMORANDUM OF DECISION
## GRANTING TRUSTEE'S MOTION TO VACATE ORDER
## GRANTING DEBTOR'S APPLICATION FOR WAIVER OF CHAPTER 7 FILING FEE

A limited *in forma pauperis* provision took effect in the bankruptcy courts on October 17, 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). See Pub.L. 109-8, 119 Stat. 23 (2005). The relevant statute establishes a two-pronged test to determine eligibility for a waiver of the chapter 7 bankruptcy case filing fee:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved **AND** is unable to pay that fee in installments. . . .

28 U.S.C. §1930(f)(1) [emphasis added]. The question presented here is whether a court may vacate an order granting a waiver of the filing fee based upon developments in the administration of the bankruptcy case that subsequently demonstrate that the waiver was unwarranted. This Court answers that question in the affirmative.

## Procedural Background

On July 24, 2006, Lelia S. Kauffman (the "Debtor") filed a Chapter 7 voluntary petition (doc. #1). On the same day, her attorney filed an application for waiver of the Chapter 7 filing fee (Official Form B3B), stating that the Debtor met both prongs of the eligibility test: (1) her income was less than 150% of poverty line income and (2) she was unable to pay the filing fee either in full or in installments (doc. #4). On July 25, 2006, in reliance upon the averments set forth in the Debtor's application, this Court entered an Order (the "Order") granting the waiver application, with the caveat contained on Official Form B3B that "[t]his Order is subject to being vacated at a later time if developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted" (the "caveat") (doc. #6).

On September 12, 2006, the Chapter 7 Trustee moved for reconsideration of the Order granting Debtor's application for waiver of the Chapter 7 filing fee, asking that the Order be vacated and the Debtor be

compelled to pay the filing fee (doc. # 16).

The Trustee disputes that the Debtor is unable to pay the filing fee, and argues that since the Debtor cannot satisfy both prongs of the eligibility test, she is ineligible for a waiver under 28 U.S.C. § 1930(f)(1). In support of his position, the Trustee points to two developments in the administration of the bankruptcy case that demonstrate that the waiver was unwarranted. First, the Debtor's Schedule A indicates that the Debtor owns a single-family farmhouse on seven acres of land, valued at $136,200.00 with no secured claims against it (doc. #1). The Trustee asserts that, based upon information and belief, the Debtor made no effort to obtain either a loan against this real property or a home equity loan to pay the filing fee. Second, subsequent to filing the petition, the Debtor filed an Amended Schedule B which indicated that the Debtor received a $1,415 Vermont property tax pre-bate (doc. #11); she would have been entitled to this refund as of the petition date. The Trustee contends that the pre-bate constitutes another source of funds for payment of the filing fee. The Trustee argues that under these facts, the Debtor is not entitled to a waiver of the fee under BAPCPA's *in forma pauperis* ("IFP") provision and therefore the Order should be vacated and the Debtor should be compelled to pay the filing fee.

The motion was set and noticed for hearing. The Debtor did not file a response to the motion. However, on September 15, 2006, the Debtor moved to convert her case to Chapter 13 (doc. #20), and the Court granted that motion on September 19, 2006 (doc. #21).

On October 17, 2006, the Court held a hearing on the Trustee's motion. The Trustee appeared in support of the motion; neither the Debtor nor any other party appeared in opposition to the relief sought. The Court granted the Trustee's motion and issues this written order to articulate its rationale because this appears to be a question of first impression under BAPCPA.

<u>Discussion</u>

The issue presented is whether a bankruptcy court may vacate an order granting a waiver of the filing fee, intended to be issued at the outset of a case, based upon information that comes to the court's attention later in the case. The Court will examine the question from both the procedural perspective and on the merits.

Although 28 U.S.C. § 1930(f)(1) (the "statute") is silent on this question, the caveat set forth in Official Form B3B demonstrates that the Judicial Conference of the United States (which prescribed the form) contemplated that a court should have the discretion to vacate its original grant of IFP relief if it became aware of new information or a post-petition change in circumstances that would make the Debtor ineligible for the fee waiver. Bankruptcy Rule 9009 provides that "Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate." While the Official Forms do not have the force of law, <u>see</u> <u>In re Simmons</u>, 237 B.R. 672, 675 (Bankr. N.D. Ill. 1999), the Court finds the pertinent official form instructive. The Judicial Conference of the United States has

oversight of the procedures for fee waivers in the statute, and provided guidance in the creation of the Official Form which specifically states that IFP status may be vacated. This is sufficient to endow bankruptcy courts with the authority to vacate an IFP order and retroactively impose the chapter 7 filing fee on a debtor when later developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted. To hold otherwise would render the language of Official Form B3B meaningless.

This Court determines that a bankruptcy court may revoke a fee waiver if: (1) the debtor has notice that the fee waiver may be revoked if facts or circumstances are discovered during the administration of the case which demonstrate the waiver was unwarranted; (2) such facts or circumstances are properly brought before the Court; (3) the debtor is given notice of the alleged change in circumstances and eligibility, and an opportunity to be heard; and (4) the Court concludes that, based upon the new information, the debtor does not qualify for a waiver under the two-pronged test of §1930(f)(1). In sum, the Court finds the record in this case is adequate to support a revocation of the Debtor's IFP relief.

Turning to the merits, the Court finds the facts of this case justify a revocation of the fee waiver. The statute is unequivocal that an individual must both have income that is less than 150% of the income official poverty line, and be unable to pay the chapter 7 filing fee in installments. The second prong of the test must be resolved through the Court's consideration of the totality of the circumstances presented. The Trustee's motion and the sworn statements of the Debtor regarding her equity in real estate and her pre-bate funds demonstrate that the Debtor's circumstances do not satisfy the "inability to pay" requirement of the statute. The Court also considers that the Debtor had ample notice of the Trustee's request for a revocation of the fee waiver and did not oppose it. Lastly, the Court weighs the import of the Debtor's voluntary conversion of her case to chapter 13, where she is acknowledging the ability to make monthly payments to creditors and fund an individual reorganization plan. These circumstances, when viewed in their totality, persuade the Court that the Debtor is not eligible for a waiver of the filing fee. See In re Bradshaw, __ B.R. __, 2006 WL 2468555, * 5 (Bankr. E.D. Tenn. Aug. 25, 2006) (court determines whether debtor had the ability to pay the filing fee based on the totality of the circumstances); In re Burr, 344 B.R. 234, 236 (Bankr, W.D.N.Y.) (same); In re Stephenson, 205 B.R. 52, 56 (Bankr. E.D. Pa. 1997) (same, decided during pilot program studying consequences of allowing waiver of Chapter 7 filing fees), In re Clark, 173 B.R. 142, 146 (Bankr. W.D. Tenn. 1994) (applying totality of pre- and post-petition facts and circumstances in determining whether to waive the filing fee).

However, that is not the end of the inquiry in this case. The Trustee's motion raises the additional issue of which fee a debtor must pay if a waiver order is vacated after the debtor's case has been converted to chapter 13. Should she be required to pay the chapter 7 filing fee that was due when she initiated her case, or the chapter 13 filing fee that would be due in connection with the case she currently has pending?

3

The statute is clear that waivers are only available to individuals who file petitions for relief under Chapter 7. There is no comparable provision for individuals who file for relief under Chapter 13. The Order's caveat language unambiguously contemplated a reinstatement of the fee that was previously waived should circumstances change, and put the Debtor on notice of this possibility. Moreover, absent the Debtor's payment of the chapter 7 filing fee, the chapter 7 trustee would not be paid for administering this case. See 11 U.S.C. § 330(b)(1) (providing that payment for the chapter 7 trustee's services are to be paid from the filing fee); In re Bradshaw, 2006 WL 2468555 at *5. Taking into account the totality of the Debtor's circumstances, as well as the harsh consequences IFP relief has on chapter 7 trustees in general under BAPCPA, the Court determines that it is proper to vacate the fee waiver order and essential to direct the Debtor to pay the chapter 7 filing fee. Since the Court has concluded that the fee waiver was not warranted, principles of equity require the Debtor to pay the chapter 7 filing fee, rather than the chapter 13 filing fee, in order to return the Debtor and the case trustee to the financial positions they would have been in from the outset of the case if the IFP relief were not granted.

## Conclusion

Given the record in this case, the Court finds it has authority and discretion to vacate orders waiving the payment of a chapter 7 filing fee. After consideration of the information discovered during the administration of this case, the Court finds that the totality of the circumstances presented here demonstrate the fee waiver was unwarranted. The Court further finds that the proper filing fee to impose is the chapter 7 filing fee, both because that is the fee that was waived and the chapter 7 trustee's compensation depends upon reinstatement of that fee. Therefore, the Trustee's motion to vacate the waiver and compel the Debtor to pay the chapter 7 filing fee is granted.

This memorandum constitutes the Court's findings of fact and conclusions of law.

October 24, 2006  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge