UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In Re: Leila S. Kauffman )  Case No. 06-10325
            Debtor )  Chapter 13

## Second Amended Chapter 13 Plan

**NOW COMES** the Debtor, by and through her attorneys, Kathleen Walls, Esq. and John Darcy Toscano, Esq., and hereby proposes the following Chapter 13 Plan:

1. **Payments to the Trustee:** The Debtor shall submit **$42.17** monthly to the supervision and control of the trustee for **60 months** through direct payment. The total payments to be paid through the plan are **$2,530.00.**

2. Disbursements to Creditors:

    a. Priority Claims
        1. Debtor's Attorney Kathleen Walls shall be paid a total of **$600.00** through the plan from the reserve currently held by the Trustee.
        2. Jan Sensenich shall receive 10% of all claims distributed, or **$4,130.35**
        3. Raymond Obuchoswki shall receive **$1,000.00** through the plan from the reserve currently held by the Trustee.

    b. **Secured Claims**:

| Creditor | Collateral | Value | Claim | Interest | % | Total | Monthly Plan Payment |
|---|---|---|---|---|---|---|---|
| ~~GMAC~~ | ~~Vehicle~~ | | ~~10,432.00~~ | ~~2,259.45~~ | ~~8~~ | ~~**$12,691.45**~~ | ~~$211.52~~ |

The Debtor intends to surrender the following collateral:
Creditor                                      Collateral

    c. Unsecured Claims: Allowed, non-priority unsecured claims shall be paid a total dividend of **$1,300.00** to be distributed pro-rata. In the event that the creditors in this case file claims in the amounts scheduled in the petition, and those claims are allowed for the scheduled amounts, the percentage dividend will be approximately 5%. In the event that the total of the allowed claims are less than the total of the scheduled claims the actual percentage dividend will be higher. In the event that the allowed claims are greater than the scheduled amounts the actual dividend will be lower. In order to determine the actual amount of the percentage dividend to be paid to unsecured creditors, you may contact the Chapter 13 Trustee after the claims bar date in this case has passed.

4. **The Debtor is unable to secure homeowners insurance due to the state of the property. In the event that the property is destroyed by fire or other casualty, although there will be no structure with which to secure payment for the unsecured creditor, according to a Broker's Price Opinion prepared by ReMax, most of the value of the property consists in the land itself. However, as the liquidation analysis shows below, there would be no property for distribution to unsecured creditors if this case were filed under Chapter 7 in any event.**

1

5. **LIEN RELEASE**: To the extent that the Secured Creditor's claim has been paid in full during the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records and return any certificate of title to the Debtor.

6. **RESERVATION OF RIGHT TO SURRENDER COLLATERAL**: The Debtor hereby reserve the right to surrender any collateral after confirmation which is secured by any claim for which a proof of claim was filed in this case. Any such claim shall be reduced by the value of the collateral being surrendered., and shall thereafter treated as an unsecured claim.

7. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid in full.

8. The title to the property of the estate shall revest in the Debtor upon termination of this plan, and the Debtor shall have sole right to use and possession thereof during the pendency of this case.

9. Confirmation of this plan shall constitute a finding and order that due to the Debtor's low income, the trustee's fee should not exceed 10% of each monthly payment, even if that amount is less than $5.00 per month.

10. Upon completion of this plan, all debts listed in the Debtor's schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

11. If prior to the expiration of term of this plan all filed claims entitled to payment under this plan are paid in full, this plan shall terminate on that date.

12. The Debtor and Trustee hereby reserve the right to object to any claim which is filed after confirmation of this Plan.

13. Liquidation analysis:

| | |
|---|---|
| Property of the estate | $101,280.00 |
| Secured claims | $10,832.00 |
| Exempt property | $86,720.00 |
| Non-exempt equity | $3,728.00 |
| Priority claims | $4,530.35 |
| Estimated Chapter 7 Administrative Expenses | $9,900.00 |
| Estimated allowed unsecured claims | $26,012.00 |
| Available to chapter 7 creditors | $0 |
| Estimated dividend to general unsecured creditors | $1,300.00 |

14. The term of this plan is consistent with the minimum commitment period required by the means test and B22C filed in this case.
15. The Debtor will be able to make all the payments required under the plan and comply with the terms of the plan.

16. The Debtor has filed this plan in good faith.
17. The Debtor has filed all applicable State, Federal and Local tax returns as required by 1308.

Dated at Middlebury, Vermont August 13, 2007.

/s/ Kathleen Walls
Kathleen Walls, Esq.
Attorney for the Debtor
P.O. Box 793
Middlebury, Vermont 05753
(802) 388-1156
Fax (802) 388-6801
Fed Bar ID No 000662250

/s/John Darcy Toscano, Esq.
Attorney for the Debtor
236 Union Street #3
Bennington, VT 05201
(802) 688-3808
Fax: (802)442-6761
Fed Bar Id. 000368787